IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY BUCHANAN,

    Plaintiff,

v.

KILOLO KIJAKAZI[1],

    Defendant.

3:17-CV-00188
(JUDGE MARIANI)

FILED
SCRANTON
AUG 26 2021
PER _____ DEPUTY CLERK

## MEMORANDUM OPINION

On February 1, 2017, Plaintiff Mary Buchanan filed a Complaint seeking judicial review of a final decision made by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying her application for Social Security Disability benefits. (Doc. 1). This matter was referred to Magistrate Judge Joseph F. Saporito, Jr. to prepare a Report and Recommendation ("R&R"). On March 14, 2018, Magistrate Judge Saporito issued an R&R (Doc. 17) recommending that the final decision of the Commissioner be vacated and that this case be remanded for further proceedings. Defendant, the Commissioner of Social Security, filed Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Doc. 18) on March 27, 2018. Plaintiff did not file a response to Defendant's Objections. For the reasons discussed below, the Court will adopt the pending R&R,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Kilolo Kijakazi is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

overrule Defendant's Objections, vacate the Commissioner's decision and remand for further proceedings.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Because Defendant's Objections are both timely and specific, the Court will conduct the required *de novo* review of Magistrate Judge Saporito's R&R findings.

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Factual findings which are supported

2

by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F. Supp. 2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Here, Defendant's Objections assert that the Court should reject "one aspect" of the R&R, which is Magistrate Judge Saporito's recommendation to remand "based only on the ALJ's analysis of the medical opinions." (Doc. 18 at 1). Defendant objects to this aspect of the R&R for three reasons, which the Court will address in turn.

First, Defendant argues that the ALJ did not need to specifically rely on a medical opinion to formulate the claimant's RFC. (Doc. 18 at 4). In support of this argument, Defendant primarily relies on Third Circuit precent *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356 (3d Cir. 2011), arguing that that ALJ did not need to rely on medical opinion evidence when determining Plaintiff's residual functional capacity (RFC).

Under the current regulations, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler*, 667 F.3d at 361 (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Further, in *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006), a panel of the Third Circuit concluded that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Thus, Defendant is correct that the RFC assessment is an administrative finding that is the exclusive province of the ALJ, and not the province of treating physicians or other medical providers. *See e.g., Chandler*, 667 F.3d at 361.

3

However, Defendant's assertion that "[t]he R&R recommends remand because the ALJ did not 'base his decision that [Plaintiff] could perform light work' on a specific type of evidence, namely medical opinion evidence" is not an accurate depiction of the R&R's conclusion. Rather, the Magistrate Judge found that "the ALJ's decision to reject the opinions of Dr. Moola and Dr. Balogh, Jr., and the ALJ's determination of Ms. Buchanan's RFC, cannot be said to be supported by substantial evidence" and therefore recommends remand on that basis. (Doc. 17 at 53). This recommendation is not based on any requirement that the ALJ necessarily rely on particular medical opinion evidence when determining Plaintiff's RFC. To the extent that Defendant objects to the R&R's finding that the ALJ's decision to reject the medical opinion evidence when crafting Plaintiff's RFC is not supported by substantial evidence, the Court will overrule such objection.

Under the substantial evidence standard, the ALJ must provide "a clear and satisfactory basis on which" his decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). In resolving conflicts in the evidence, the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting such evidence. *Id*. at 706–07.

As for medical opinion evidence, an ALJ is guided in his evaluation by the factors outlined in 20 C.F.R. § 404.1527(c).[2] Specifically with regard to the opinion of a treating

---

[2] For claims filed before March 27, 2017, the rules in § 404.1527(c) apply. For claims filed on or after March 27, 2017, the rules in § 404.1520c apply.

4

physician, the Third Circuit has acknowledged that while such opinion does not bind the ALJ when determining a claimant's RFC, "treating and examining physician opinions often deserve more weight than the opinions of doctors who review records." *Chandler*, 667 F.3d at 361; *see also Carter v. Comm'r of Soc. Sec.*, 511 F. App'x 204, 205–06 (3d Cir. 2013) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) ("We are mindful that the report of a treating physician 'should be accorded great weight,' especially when that physician's treatment records or opinion 'reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'). Ultimately, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. *Plummer*, 186 F.3d at 429 (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)).

Here, when determining Plaintiff's RFC, the ALJ essentially rejected the entirety of treating physician Dr. Jagadeesh K. Moola's opinion, finding that it "is not supported by the record as a whole." (Doc. 9-2 at 23). The ALJ found that Dr. Moola's opinion "appears to place improper weight on the claimant's incredible allegations." (*Id.* at 23). The ALJ also found that the fact that Dr. Moola has not referred Plaintiff for "additional or more intensive treatment" supports a conclusion "that her condition is more stable and allows for a broader functional profile than suggested." (*Id.* at 24). Further, the ALJ found that Dr. Moola's opinion "wholly ignores [Plaintiff's] history of drug and alcohol abuse," and that "such alcohol

5

abuse indicates . . . that the claimant's baseline functioning when not abusing drugs or alcohol is generally broader than alleged." However, the ALJ also noted that "the claimant's drug and alcohol abuse is not material." (*Id*).

First, the ALJ did not explain the weight given to the medical opinion of Dr. Moola. (*See* Doc. 9-2 at 23–24). This runs afoul of the Third Circuit's clear directive that "[a]n ALJ must explain the weight given to physician opinions." *Chandler*, 667 F.3d at 362. Second, while the ALJ briefly recognized that Dr. Moola was "a treating physician," he seemed to give little consideration to this fact, despite the Third Circuit's recognition that such opinion should often be accorded great weight. *See Chandler*, 667 F.3d at 361; *Plummer*, 186 F.3d at 429. Third, the ALJ's evaluation of other evidence in the record, such as Plaintiff's history of drug and alcohol abuse and the fact that Dr. Moola did not refer Plaintiff for "additional or more intensive treatment," suggests that he has substituted his own opinion for that of a physician, even though it is well-established that "an ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence." *Plummer*, 186 F.3d at 429.

Moreover, the ALJ gave "limited weight" to the opinion of Dr. Robert J. Balogh, a State Agency non-examining medical consultant who provided the only other medical opinion evidence of record. (*Id*). As Magistrate Judge Saporito noted, by assigning such limited weight to Dr. Balogh's opinion, the ALJ was left without a single medical opinion to rely upon when reaching his RFC determination. In reaching this conclusion, the ALJ stated

that Dr. Balogh's "restriction to light exertional work is justified by imaging of the knees and back, as well as reports of complications from chronic kidney disease. These reports are consistent with the claimant's allegations to the extent that they may be found credible." (Doc. 9-2 at 23). Based on the foregoing, the Court agrees with Magistrate Judge Saporito's assessment that the ALJ seemed to impermissibly engage in the lay evaluation of medical evidence when assigning weight to Dr. Balogh's opinion. *See Morales v. Apfel*, 225 F.3d 310, 318 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 115 (3d Cir. 1993) ("The ALJ cannot, as he did here, disregard this medical opinion based solely on his own 'amorphous impressions, gleaned from the record and from his evaluation of [the claimant]'s credibility.'").

Thus, a review of the record reveals that the ALJ's decision to reject or give limited weight to the opinions of Dr. Moola and Dr. Balogh when determining Plaintiff's RFC is not supported by substantial evidence. The decision of the Commissioner denying Plaintiff's application for benefits under Title II of the Social Security Act should therefore be vacated and remanded to conduct a new administrative hearing.

Second, similar to its first argument, Defendant argues that "the ALJ did not need to rely on a medical opinion to find Dr. Moola's opinion not persuasive." (Doc. 18 at 11). Taking issue with the R&R's citation to *Burns v. Colvin*, 156 F. Supp.3d 579, 588 (M.D. Pa. 2016), Defendant claims that "[t]he R&R here also perpetuates a mistake that some district court decisions have advanced – that an ALJ cannot discount a treating source's opinion by

7

relying on medical evidence without a contrary medical opinion." (Doc. 18 at 11). Again, Defendant has misstated the conclusion reached by the Magistrate Judge in the R&R. As discussed above, the R&R recommends remand to the Commissioner based on a finding that the ALJ's decision to essentially reject all medical opinion evidence, including Dr. Moola's opinion, when formulating Plaintiff's RFC lacked the support of substantial evidence. Such a finding is not the equivalent of requiring the ALJ to point to a specific, contrary medical opinion in order to discount the opinion of Plaintiff's treating physician. The fact that the ALJ did not have a contrary medical opinion to rely on when rejecting the opinion of Dr. Moola, among the other reasons discussed above, simply adds to the fact that the ALJ's RFC determination was not supported by substantial evidence.

Moreover, *Burns* does not stand for the absolute proposition that "an ALJ cannot discount a treating source's opinion by relying on medical evidence without a contrary medical opinion" as Defendant claims. (Doc. 18 at 11). Rather, the District Court in *Burns* observed that observed that "[i]n a slew of decisions, the Third Circuit holds that no reasonable mind would find the ALJ's evidence to be adequate when the ALJ rejects every medical opinion in the record with only lay reinterpretations of medical evidence." *Burns*, 156 F. Supp.3d at 583 (citing *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988); *Doak v. Heckler,* 790 F.2d 26, 29–30 (3d Cir.1986); *Ferguson v. Schweiker,* 765 F.2d 31, 37, 36–37 (3d Cir.1985); *Kent v. Schweiker,* 710 F.2d 110, 115 (3d Cir.1983); *Van Horn v. Schweiker,* 717 F.2d 871, 874 (3d Cir.1983); *Kelly v. R.R. Ret. Bd.*, 625 F.2d 486, 494 (3d

Cir.1980); *Rossi v. Califano*, 602 F.2d 55, 58–59, (3d Cir.1979); *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979); *Gober v. Matthews*, 574 F.2d 772, 777 (3d Cir.1978)). The District Court further noted that this demonstrates the Third Circuit's recognition of "the special deference owed to medical opinions from treating sources," and that "[n]o subsequent binding precedential Third Circuit decision or enactment overrules these cases. These cases remain binding precedent." *Id*.

Finally, Defendant argues that "the Court should not remand because the ALJ did not specifically discuss each factor in 20 C.F.R. § 404.1527." (Doc. 18 at 22). Defendant asserts that not only would it be inconsistent with Third Circuit precedent to remand due to the ALJ's failure to explicitly address each factor in his decision, but that the ALJ's analysis nonetheless demonstrates that he considered each of the relevant factors. (*See* Doc. 18 at 22 – 25).

As discussed above, 20 C.F.R. § 404.1527 provides the factors that an ALJ must consider when deciding the weight to give a medical opinion. It is true, as Defendant points out, that it appears the Third Circuit has not specifically addressed whether an ALJ must explicitly discuss each factor listed in § 404.1527 in his decision. It is also true that other district courts within this Circuit have found that the ALJ does not need to specifically discuss each factor § 404.1527 as long as it is clear from the decision that he considered each factor in his analysis. *See Gatto v. Comm'r of Soc. Sec.*, No. 3:19-CV-12408, 2020 WL 5810567, at *6 (D. N.J. Sept. 30, 2020) (finding that "[i]t is clear from the ALJ's Decision

the ALJ considered each of these factors," even though the ALJ did not explicitly list the § 404.1527 factors in his discussion); *Ludrosky v. Berryhill*, No. 16-1895, 2018 WL 692094, at *2 (W.D. Pa. Feb. 2, 2018) ("When assessing the weight to be assigned to a non-treating source, an ALJ is not required to discuss every factor listed in 20 C.F.R. § 404.1527(c)(1)").

Nonetheless, here, the ALJ's failure to explicitly discuss each factor listed in § 404.1527 in his analysis is not the sole reason that the R&R recommends remand to the Commissioner.[3] As discussed above, remand is still appropriate in this matter, as the ALJ's decision to reject or assign limited weight to the only two medical opinions of record, one being that of Plaintiff's treating physician, leaves his decision unsupported by substantial record evidence.

Accordingly, the Court will overrule Defendant's Objections (Doc. 18). The Court will adopt the pending R&R (Doc. 17), vacate the Commissioner's final decision denying Plaintiff's application for benefits under Title II of the Social Security Act, and remand to the Commissioner to conduct a new administrative hearing on Plaintiff's claim. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] As discussed in the text, Magistrate Judge Saporito also found that the ALJ's decision to reject the medical opinion evidence when determining Plaintiff's RFC was not supported by substantial evidence because "it appears the ALJ impermissibly engaged in the lay evaluation of medical evidence" and "[t]he ALJ's decision to afford little weight to DR. Moola's opinion is without proper evidentiary support given that he likewise rejected the remaining medical opinion." (Doc. 17 at 51– 52).